3

IN THE UNITED STATES DISTRICT COURT
FOR THE _SOUTHERN_ DISTRICT OF _TEXAS_

United States District Court
Southern District of Texas
FILED

MAY 0 9 2002

Michael N. Milby
Clerk of Court

Roberto Rodriguez Garza
MOVANT

vs

NO. B-02-070

UNITED STATES OF AMERICA
RESPONDENT

### MOTION FOR THE APPOINTMENT OF COUNSEL

Comes now Movant herein, in the above styled action, in properia persona, unto this Honorable Court, in want of counsel, pursuant to title 18 U.S.C. § 3006 (a) (g), respectfully request this Honorable Court to appoint counsel in the present matter, for the reasons listed hereinafter.

1) Movant states that he is not able to afford counsel.

2) Movant states the issues herein, in the Habeas motion will require extensive investigation and research, which Movant cannot do while confined in a prison.

3) Movant states the issues involved, in this particular case are complex and complicated beyond his knowledge.

4) Movant states the prison limits the hours that Movant may have access to the prison library, that the materials contained there are very limited to prisoners.



5) Movant states that he has no background knowledge in the law. That he has very limited knowledge of the law and lacks the ability to be successful in the additional preparation of a meaningful defense before this Honorable Court in forthcoming matters, and without counsel he would be deprived of due process in violation of the Sixth Amendment to the United States Constitution.

SUGGESTION IN SUPPORT

Movant states this Court has discretion pursuant to Title 18 U. S. C. 3006 (a) (g) to appoint Counsel for an indigent, poor and incapacitated person under the totality of the circumstances;

It is additionally submitted, for the reasons states in Movant's motion for appointment of Counsel and based on the allegations therein; this Court should appoint Counsel, because the ends of justice would best be served in this case, if an attorney was appointed, to represent the Movant herein.

THEREFORE, if this Honorable Court should find this motion premature, the Movant herein would request the Court to hold this motion in abeyance pending further inquiry.

Cordially submitted,

*Roberto Rodriguez*
Roberto R. Garza #92786-079

## CERTIFICATION OF SERVICE

I, undersigned, hereby certify that a copy of the foregoing attached instrument titled Motion for the Appointment of Counsel and Suggestion in Support, was mailed via U. S. Mail, postage prepaid this ___7th___ day of ___May___ Anno Domini 2002

TO: Office of the Clerk
United States District Court
Southern District of Texas
600 E. Harrison Street Room #101
Brownsville Texas 78520

Cordially submitted,
Ne Varietur:
By accommodation – under necessity – by next best friend
(Johnson V. Avery 393 U. S. 483, 398)

*Roberto Rodriguez*

IN THE UNITED STATES DISTRICT COURT
FOR THE Southern DISTRICT OF Texas

| | |
|---|---|
| Roberto Rodriguez Garza<br>MOVANT | |
| vs | NO. B-02-070 |
| UNITED STATES OF AMERICA<br>RESPONDENT | |

### GROUNDS AND POINTS IN SUPPORT FOR APPOINTMENT OF COUNSEL

The right of the accused to counsel is beyond question a crystal clear fundamental right. See, e.g. Gideon, 372 U.S. at 344.9 h. ed. 2d 799, 83 S. Ct. 792, 93 ALR 2d, 733 ("the right of one charged with a crime to counsel may not be deemed fundamental and essential to a fair trial in some countries but it is in ours")...Without counsel the right to a fair trial itself would be of little consequence, See e.g. Cronic, Supra, at 653, 80 L. ed. 2d 657, 104 S. Ct. 2039; United States V. Ash, 413 U. S. 300, 307-308, 37 L. Ed. 2d 619, 93 S. Ct. 2568 (1973). Argersinger V. Hamlin, 407 U. S. 25, 31-32, 32 L. ed. 2d 530, 92 S. Ct, 2006 (1972); Gideon, Supra at 343-345, 9 L. ed. 2d 799, 792, 23 Ohio Ops 2d. 258, 93 ALR 2d 733; Johnson V. Zerbst, 304 U. S. 458, 462-463, 82 L. ed. 2d 1461, 58 S. Ct. 1019, 146 ALR 357 (1938); Powell V. Alabama 287 U. S. 45, 68, 69, 77 L. ed. 2d 158, 53 S. Ct. 55, 84 ALR 527 (1932), for it is through counsel that the accused secures his other rights. Maiwe V. Moulton, 474 U. S. 159, 168-170, 88 L. Ed. 2e 481, 106 S. Ct. 477 (1985): Cronic Supra at 653, 80 L. ed 2d 657, 1045. Ct 2039. See also Schafer Federalism and State Criminal Procedure, 70 Harv. L. Rev. 1, 8 (1965) ("of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have"). The Constitution guarantee of counsel, however, "cannot be satisfied by mere formal appointment"...Avery V. Alabama, 308 U. S. 444, 446, 84 L. ed 377, 60 S. Ct 321 (1940). "An accused is entitled to be assisted by an attorney, whether retained or

appointed, who plays the role necessary to ensure that the trial is fair"... Strickland, Supra, at 685, 80 L. ed. 2d 674, 104 S. Ct. 2052. In other words the right to counsel is the right to effective assistance of counsel. Evitts V. Lucey, 469 U. S. 387, 395-396, 83 L. ed. 2d 821, 105 S. Ct. 830 (1985); Strickland, Supra, at (477 U. S. 378) 686, 80 L. ed. 2d 674, 104 S. Ct. 2052; Cronic 466 U. S. at 654, 80 L. ed. 2d 657, 104 S. Ct. 2039; Cuyler V. Sullivan, 466 U.S. 335, 334, 64 L. ed. 2d. 333, 100 S. Ct. 1708 (1980); McMann V. Richardson, 397 U. S. 759, 771, N. 14, 25 L. ed. 2d, 763, 90 S. Ct. 1441 (1970)

WHEREFORE, Movant herein prays that the Court in the subject matter appoint counsel, in the overall interest of justice.

Cordially submitted,

*Roberto Rodriguez*
Roberto R. Garza #92786-079

## CERTIFICATION OF SERVICE

I, undersigned, hereby certify that a copy of the foregoing attached instrument titled Motion for the Appointment of Counsel and Suggestion in Support, was mailed via U. S. Mail, postage prepaid this ___7th___ day of ___May___ Anno Domini 2002

TO: Office of the Clerk
United States District Court
Southern District of Texas
600 E. Harrison Street Room #101
Brownsville Texas 78520

Cordially submitted,
Ne Varietur:
By accommodation – under necessity – by next best friend
(Johnson V. Avery 393 U. S. 483, 398)

*Roberto Rodriguez*