IN THE UNITED STATES DISTRICT COURT
FOR THE **Southern** DISTRICT OF **Texas**

**Roberto Rodriguez-Garza**

MOVANT

vs

UNITED STATES OF AMERICA
RESPONDENT

NO. **Civ No. B-02-070**

In re: **Crim No. B-00-182**

United States Courts
Southern District of Texas
FILED
JUN 24 2002
Michael N. Milby, Clerk

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Federal Courts cannot flinch from their clear responsibility to protect rights secured by Federal Constitution, See:
Hardwrick v. Hurley, 289 F. 2d 529 (7th Cir 1961)
Sewell v. Pegelow, 291 F. 2d 196, 198 (4th Cir 1961)

Prisoner litigants must be given meaningful access to the courts.

Boston v. Stanton, D.C. MO 1978, 450 F. Supp 1049.
Access of prisoners to courts for purpose of presenting their complaints may not be denied or obstructed. See:
Johnson v. Lark D.C. MO 1973, 365 F, Supp 289.

The First Amendment states in pertinent part as follows:
"Congress shall make no law respecting on establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the press; or the right of the people peaceable to assemble, and to petition the government for a redress of grievances.

Prisoners, no less than other persons have a Constitutional right of access to the courts.
Johnson v. Avery, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2e 718 (1969).

Regulation and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid. Ex parte Hall, 312 U.S. 546, 61 S. Ct 640, 85 L. Ed. 2d 1034 (1941), Procunter v. Martinez, Supra.

The government's standard plea agreement after requires the defendant, but not the government to waive all rights to appeal any sentence imposed by the district court. At least <u>one</u> district court has said that it will no longer accept these <u>one sided waivers</u>.

The courts reasoning is that a defendant cannot make a knowing and intelligent waiver of his rights to appeal a sentence when the sentence has not yet been imposed. See: United States v. Raynor, No. 97-1085 (D.D.C., Dec 29, 1997).

                                        Cordially submitted,

*Roberto Rodriguez-Gamas*

## CERTIFICATION OF SERVICE

I, undersigned, hereby state a copy of the foregoing attached instrument was mailed, postage prepaid, this __18__ day of __June__ Anno Domini 2002
TO:

Clerk of Court
United States District Court
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

Cordially submitted,

*[signature]*