IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Respondent-Plaintiff | § | |
| | § | |
| v. | § | CR B-00-182-01 |
| | § | |
| ROBERTO RODRIGUEZ-GARZA, | § | |
|    Petitioner-Defendant | § | |
|    (CA B-02-070) | § | |

United States District Court
Southern District of Texas
FILED
AUG 1 6 2002
Michael N. Milby
Clerk of Court

## GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255

1.

The court ordered the government to respond to Rodriguez' 28 U.S.C. §2255 motion, filed on April 8, 2002, by August 16, 2002. The government moves to dismiss and, in the alternative, moves for summary judgment.

2.

The government denies each and every allegation of fact made by Rodriguez, except those supported by the record and those specifically admitted herein, and demands proof thereof.

1

3.

Rodriguez was indicted on April 25, 2000 in the Southern District of Texas, Brownsville Division, in CR B-00-182, and charged with being found in the United States without consent of the Attorney General on April 5, 2000, after having been deported in violation of 8 U.S.C. §§1326(a) and 1326(b) (Doc. 1). No challenge to the indictment was made prior to entry of a guilty plea (Docs. 10-11, 13; Rearraignment transcript, pp. 2 *et seq.*).

On June 20, 2000, Rodriguez entered a guilty plea to the indictment in conformance with a written plea agreement with the government (Doc. 11). However, Rodriguez did not reserve his right to challenge the indictment, pursued prior to rearraignment, via a conditional plea agreement under Fed. R. Crim. P. 11(a)(2) (1 R. 11; 2 R. 2-42). *See United States v. Bell*, 966 F.2d 914, 915-17 (5th Cir. 1992)(noting general rules). In exchange for Rodriguez guilty plea before Magistrate Judge Felix Recio, the government agreed to recommend that Rodriguez receive timely acceptance of responsibility and be sentenced at the low end of the applicable guideline range. Rodriguez waived, with certain exceptions not applicable here, any sentencing complaints so long as the sentence imposed is within the guideline range as determined by the Court (Doc. 11; Rearriagnment transcript, pp. 13-16).

The probation department scored Rodriguez at base offense level 8 under USSG §2L1.2, increased by 16 levels as a result of three prior aggravated felony convictions for aggravated robbery in No. 442222 in Harris County, Texas obtained on April 22, 1986; burglary of a building in No. 613852 in Harris County, Texas obtained on November 4, 1991; and attempted burglary of a habitation in No. 9403443 in Harris County, Texas, obtained on June 23, 1994, qualifying aggravated felony offenses under §2L1.2(b)(1)(A) as defined by 8 U.S.C. § 1101(a)(43). Rodriguez was deported on November 14, 1990 through Laredo, Texas; January 28, 1993 through Brownsville, Texas; and August 27, 1998 through Hidalgo, Texas (PSR, ¶¶ 2-32). His adjusted offense level was calculated at level 24. It was recommended that he receive a three-level downward adjustment under USSG §3E1.1(a,b) for timely acceptance of responsibility for a total offense level score of 21. Rodriguez' criminal history resulted in 13 countable points and a criminal history category of VI, bearing a punishment range of 77 to 96 months imprisonment (PSR, ¶¶2-53). Rodriguez objected to the imposition of a sentence in excess of two years based in whole or in part upon *Apprendi v. New Jersey*, 520 U.S. 466, 120 S.Ct. 2348 (2000) (Sentencing transcript, pp. 4-5).

At sentencing held on September 18, 2000, the court adopted the recommendations of the Magistrate Court concerning the guilty plea, and overruled

Rodriguez' objections to the PSR, and adopted the probation department's recommendations. The court sentenced Rodriguez to 77 months imprisonment followed by a three-year supervised release term. He was also ordered to pay $100 in a mandatory special assessment (Docs. 17, 18; Sentencing transcript, pp. 5-6). He unsuccessfully appealed. *United States v. Rodriguez-Garza*, 268 F.3d 1064 (5th Cir. 2001) (table)(unpublished)(Docs. 24-25). The Supreme Court denied petition for writ of certiorari on January 10, 2002. *Rodriguez-Garza v. United States*, 122 S.Ct. 910 (2002).

On April 8, 2002, Rodriguez filed the instant post-conviction *pro se* pleading under 28 U.S.C. §2255. This Court directed the government to file a responsive pleading by August 16, 2002. The government moves to dismiss.

4.

### ALLEGATIONS

Rodriguez alleges he received his right to appeal was abrogated. In ground of review two, he argues that the indictment lacked elements of the offense, including the word "aggravated". In that context, he faults trial counsel's representation for failing to challenge the adequacy of the indictment. Also in the context of ineffective assistance of counsel, Rodriguez claims that counsel failed to object to certain facts set forth in the PSR, primarily to challenge his prior

convictions under PSR, ¶¶ 26-28. He argues, in conclusory fashion, that the information contained in the PSR was "inaccurate". He concludes that counsel's representation on appeal was 'silly and foolish".

5.

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996). Rodriguez is currently incarcerated an United States Bureau of Prisons facility in Beaumont, Texas. He seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2255 from his conviction in the Houston Division of the Southern District of Texas. A § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief under a §2255 motion "is warranted for errors that occurred at trial or sentencing." *Id.* He seeks relief from his conviction and sentence, and the relief sought under § 2255 is appropriate .

The four grounds justifying relief under 28 U.S.C. § 2255 are (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack". 28 U.S.C. § 2255 (2000); *United*

*States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). After a conviction and exhaustion or waiver of any right to appeal, a court is usually "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001)(citing *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592-93 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)). Thus motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citations omitted); *see Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

To obtain post-conviction relief in a collateral attack, a defendant must show either (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see Frady*, 456 U.S. at 167-68, 102 S.Ct. at 1594, or (2) that he is actually innocent. *Shaid*, 937 F.2d at 232. "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact

finder] would have convicted him." *Id.* (citations and quotations omitted). The procedural bar does not apply to claims that could not have been raised on direct appeal such as ineffective assistance of counsel claims. *See Willis*, 273 F.3d at 598 n.7.

Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591 (2000). "Not just any deficiency will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Id.* "in other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Id.* (emphasis in original).

To establish ineffective assistance of counsel, the §2255 petitioner must allege and prove (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *United States v. Walker*, 68 F. 3d 931, 934 (5th Cir. 1995); *see also Glover v. United States*, 531 U.S. at 198, 202-04, 121 S.Ct. 696, 700-01(2001)(discussing factors to consider in evaluating claim of demonstrate prejudice).

Under the first prong, counsel's performance is deficient if it is objectively unreasonable. *Walker,* 68 F. 3d at 934. Under the second prong, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068; *accord Glover,* 531 U.S. at 204, 121 S.Ct. at 701 (citing, *inter alia, Strickland).* Significantly, the petitioner making the claim of ineffective assistance must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgement. *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066. Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case. *United States v. Woods,* 870 F. 2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard,* 691 F. 2d 796, 799 (5th Cir. 1982); *Lockhart v. Fretwell,* 506 U.S. 364, 368, 113 S.Ct. 838, 842 (1993)("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'")(quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064).

A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins,* 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient

performance or actual prejudice, defeats an ineffective assistance claim. *United States v. Abner*, 825 F.2d 835, 846 n. 18 (5th Cir. 1987).

6.

The pleading is timely. Rodriguez had one-year from the date his conviction was final to file a §2255 motion, or one-year following the denial of his petition for writ of *certiorari. See United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000); *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001); *see also United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *but see and compare Gendron v. United States*, 154 F.3d 672, 674 (7th Cir. 1998)(holding that limitations period under § 2255(1) runs from date of issuance of appellate court mandate where no further direct review is sought); *United States v. Torres*, 211 F.3d 836, 838 (4th Cir. 2000)(same). Rodriguez filed the instant pleading on April 8, 2002. The petition is timely.

7.

a.

With regard to his first issue, the record reflects that Rodriguez in fact appealed his conviction and sentence, including to the United States Supreme Court. The record refutes his factual allegation that he waived his right to appeal or that it was a term or condition that was enforced against him on direct appeal.

B.

In his second ground of error, the direct appeal resolved the adequacy of the indictment against him. Issues raised and rejected on direct appeal are not reviewable again on collateral attack. Rodriguez should not be permitted to relitigate the issue under the guise of a different contentions that are identical to the claim raised and rejected on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997) (holding that a substantive issue is barred from review on collateral attack if it has already been raised and rejected on direct appeal) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)).

In any event, it is evident that the omission of any particular "element" of the offense in an indictment (much less a "word" such as "aggravated") does not deprive the court of jurisdiction. "[D]efects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 122 S.Ct. 1781, 1785 (2002); *United States v. Longoria*, Nos. 00-50405, 00-50406, 2002 WL 1491784 at *3 & n.6 (5th Cir. July 12, 2002)(quoting *Cotton*). Moreover, Rodriguez received a sentence within the applicable guideline range. *See United States v. Carbajal*, 290 F.3d 277, 287 & n.16 (5th Cir. 2002)(citation omitted).

c.

In his final ground for review, Rodriguez contends that trial counsel rendered constitutionally deficient representation because he failed to object to PSR, ¶¶ 26-31. He contends, in general terms, that the prior convictions were beyond the 10 and 15-year "period of limitations". Rodriguez does not claim the prior convictions are materially untrue.

(1)

Under USSG §4A1.2(e), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." Here, Rodriguez was arrested on April 5, 2000 and alleged to have committed the underlying illegal reentry on the same date. Any prior conviction after April 5, 1985 was includable in his criminal history score. Rodriguez committed an aggravated robbery on November 25, 1985 and was convicted on April 22, 1986. He was sentenced to five years imprisonment during the 15 year period antedating April 5, 2000. The prior conviction was includable. *See United States v. Radziercz*, 7 F.3d 1193, 1195 (5th Cir. 1993)(direct appeal–noting that sentence pronounced that encompasses term of imprisonment during 15 year period antedating underlying offense includable in criminal history);

*United States v. Lara*, 975 F.2d 1120, 1129 & n.14 (5th Cir. 1992)(predecessor language of guideline).

(2)

Rodriguez received no criminal history points under PSR ¶¶27-29. No prejudice is shown by the failure of counsel to object to prior convictions that did not contribute to his criminal history score. With regard to PSR ¶¶ 30 and 31, the offenses were committed within 10 years of Rodriguez' commission of the April 5, 2000 crime alleged here (PSR, ¶ 30–offense committed 9/9/90, 90 day sentenced imposed 9/13/90; *see* USSG §4A1.2(e)(2)); (PSR, ¶ 31–offense committed 10/28/91, 12 year sentence imposed 11/4/91); *see* USSG §4A1.2(e)(1).

"Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990)). Dismissal is warranted since Rodriguez has not shown any facts were materially untrue that were contained in the PSR. *See United States v. Chavez*, 119 F.3d 342, 349 (5th Cir. 1997)(citation omitted).

8.

No evidentiary hearing is necessary to resolve issues presented. *United States v. Samuels*, 59 F.3d 526, 530 & ns.16-17 (5th Cir. 1995)(citations omitted); *Bartholomew*, 974 F.2d at 41-42. Rodriguez alleges no facts which would be the proper subject of a motion to correct sentence, vacate the judgment, or which would warrant an evidentiary hearing under either 28 U.S.C. § 2255. Therefore, the government moves for dismissal, or in the alternative, summary judgment.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Rodriguez' §2255 petition be dismissed or, in the alternative, be subject to summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Chief, Appellate Division
Assistant United States Attorney

_____
JEFFERY A. BABCOCK
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129
Texas Bar No. 01481400
Federal Bar No. 9311
(713) 567-9201

## CERTIFICATE OF SERVICE

I, Jeffery A. Babcock, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, August 16, 2002, addressed to:

Roberto Rodriguez-Garza
No. 92786-079
Federal Correctional Institution–Medium
PO Box 26040
Beaumont, TX 77720

_____
Jeffery A. Babcock
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent-Plaintiff | §<br>§<br>§ |
| v. | § CR B-00-182-01<br>§ |
| ROBERTO RODRIGUEZ-GARZA,<br>    Petitioner-Defendant<br>    (CA B-02-070) | §<br>§<br>§<br>§ |

## RECOMMENDED ORDER

The Court, having considered Rodriguez' motion to vacate sentence under 28 U.S.C. § 2255 and the government's answer, concludes that dismissal is warranted. Rodriguez was not denied his right to appeal: he pursued an appeal to the United States Supreme Court. In that regard, his direct appeal resolved the adequacy of the indictment against him. Issues raised and rejected on direct appeal are not reviewable again on collateral attack. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997)(citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)).

"[D]efects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 122 S.Ct. 1781, 1785 (2002); *United States v. Longoria*, Nos. 00-50405, 00-50406, 2002 WL 1491784 at *3 & n.6 (5th Cir. July 12, 2002)(quoting *Cotton*). Since Rodriguez received a sentence within the applicable guideline range, no attorney error occurred. *See United States v. Carbajal*, 290 F.3d

277, 287 & n.16 (5ᵗʰ Cir. 2002)(citation omitted). Turning to his claim that trial counsel failed to object to certain prior convictions in the PSR, ¶¶ 26-31, the prior convictions were properly includable. *See* USSG §4A1.2(e)(1,2); *United States v. Radziercz*, 7 F.3d 1193, 1195 (5ᵗʰ Cir. 1993); *United States v. Lara*, 975 F.2d 1120, 1129 & n.14 (5ᵗʰ Cir. 1992)(predecessor language of guideline). "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *United States v. Wilkes*, 20 F.3d 651, 653 (5ᵗʰ Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990)). The motion to vacate sentence should be dismissed.

  DONE this _____ day of _____, 2002 at Brownsville, Texas.

_____
UNITED STATES MAGISTRATE JUDGE