*Original To Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

10

United States District Court
Southern District of Texas
FILED

AUG 26 2002

Michael N. Milby
Clerk of Court

ROBERTO RODRIGUEZ-GARZA,
   Petitioner – Defendant

V.

UNITED STATES OF AMERICA
   Respondent – Plaintiff.

CV-B-02-070
NO. CR B-00-182-01

PETITIONER – DEFENDANT'S RESPONSE TO THE GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255

Comes Now the Petitioner-Defendant, Pro Se, States that the government is Not entitled to have the Case dismissed are entitled to a Summary Judgment ("hereinafter") the petitioner will be refered to as petitioner, in Support states the following reasons why the § 2255 Motion should not be dismissed – why the government is Not entitle to Summary Judgment in the present Habeas Matter.

1). The government denies each and every allegation of facts made by petitioner except those Supported by the record and those Specifically admitted in the Government's Answer, demands proof thereof. The petitioner Strenuously objects to and take firm exception to the United States Attorney Suggestion that this Case Should

(1)

dismiss, the government is entitled to Summary Judgement. Similarly, objections are noted to AUSA Jeffery A. Babcock fallacious suggestions no evidentiary hearing is required, the attached Recommended order. Because if the Court finds that Count 1 evidence was insufficient as a matter of law, then somehow petitioner would have to be resentenced upon his Count one Conviction and Sentence. Additionally, the record evidence shows — demonstrates that the defendant entered a guilty plea to a defective indictment. Also, the record shows — demonstrates the guilty plea was in conformance with a written plea agreement wherein the Government agreed not to prosecute after the date of the plea agreement June 20th 2000, However, the prosecution — probation officer enhance the punishment in Bearch of Agreement of the June 20, 2002 Agreement and Written plea, by the use of the quicklines — PSI report that is factually untrue, inaccurate, which allowed the petitioner to be Sentenced on the basis of inaccurate information. Violative of the due process clause and <u>United States V. Tucker</u>, 404 U.S. 443 1972. However, all of these foregoing facts hammers, dissects and butches the Government Answer of the AUSA Babcock, further, they show that the government Seriously mishandled this case. For one reason, it appears that the government has waited until after the original grand jury process and the return of the defective indictment, as well as the defective waiver of the indictment, leading to the plea and Sentencing process, and upon the petitioner filing of the habeas pleadings here, to research the law and to determine that the word "aggravated" does not matter. It

(2)

does matter, because In *United States V. Dubo*, 186 F.3d 1177 (9th cir 1999), and *Neder V. United States*, 527 U.S. 1, 119 S.Ct 1827, 144 L.Ed.2d 35 (1999), the Supreme Court, and the Ninth Circuit, determined that the indictment must plead to specific statutory language in each of the charges filed against the defendant. As such, there is specific language in each statute that must be identified to put a defendant on proper notice of what constitutes the charge of the grand jury and penalty to be imposed if convicted.

The court in *United States V. Cabrera Tevan* 168 F.3d 141, 143 (5th circuit 1999), stated: that the failure of the indictment to charge each and every essential element of an offense is a serious constitutional violation. See also *United States V. Morales-Rosales*, 838 F.2d 1359, 1361-62 (5th cir. 1988), that criminal information ... does not charge the second element of the offense ... the failure of an information to charge an offense is a jurisdictional defect that is NOT waived by a guilty plea. See also *United States V. Eldrington*, 726 F.2d 1029, 1031 (5th cir 1984). The failure to charge an essential element of a crime is by means a mere ~~fictive~~ technicality. See *United States V. King*, 587 F.2d 956, 963 (9th cir. 1978).

The Court lacked jurisdiction to prosecute the petitioner without establishing in the indictment what section 8 U.S.C. §§ 1326(a) and 1326(b) would be applicable for both the jury verdict determination and sentencing had the case gone to trial. However, this is a jurisdictional question ... the court must remand the case for resentencing to vacate the sentence/or conviction. (3)

Furthermore, The Grand Jury Clause of the United States Constitution provides that "No person shall be held to answer for a Capital, or otherwise infamous Crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend V. The court said that "to comport with the Fifth and Sixth Amendments, a criminal indictment must (1) contain all of the elements of the offense so as to fairly inform the defendant of the charges against him, and (2) enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense." United States v. Santeramo, 45 F.3d 622, 624 (2nd Cir 1995) (per Curiam).

The requirement that an indictment contain all of the elements of the offense provides a defendant with notice and protection from double jeopardy. See Const. Amend V ("Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb"); Const. Amend. VI ("the accused shall enjoy the right... to be informed of the Nature and Cause of the Accusation"). An indictment also "limits the defendant's jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or Judge." Stirone v. United States, 361 U.S. 212, 218, 4 L.Ed.2d 252, 80 S.Ct. 270 (1960).

However, plain error review is appropriate where the defect in the indictment is Jurisdictional, where an indictment fails to allege each material element of the offense,

(4)

it fails to charge that offense. Its obvious that "Aggravated" is a Subsection offense, also because "Aggravated" did increase the punishment. See <u>United States v. Cabrera Teran</u>, 168 F.3d 141 ('5th Cir 1999) at 143 " A failure of the Indictment to charge an offense may be treated as a jurisdictional defect,... 1326(b) is an offense... and an appellate court will notice such a flaw even if the issue was raised neither in the district court nor on Appeal." <u>United States v. Foley</u>, 73 F.3d 484, 488 (2nd cir 1996) (quoting <u>United States v. Doyle</u>, 348 F.2d 715, 718 (2nd cir 1965)) abrogated on other grounds by <u>Salinas v. United States</u>, 522 U.S. 52, 139 L.Ed.2d 352, 118 S.Ct 469 (1997); See also Fed.R.Crim.P. 12(b)(2) "objection that an indictment " fails to show jurisdiction in the court or to charge an <u>offense</u> ... shall be noticed by the court at any time during the pendency of the proceeding") ("emphasis added").

The word "aggravated" is not found in the indictment a substantial element of the offense language. The indictment against the petitioner is, therefore, so deficient that the court lacked jurisdiction to prosecute the petitioner and he was actually innocent of any offense that resulted in a sentence of more than 2 years.

The harsher penalty must be pled specifically "aggravated" is an element of the offense 1326(a) and 1326(b) such word is not incorporated in the indictment and the court could not have made a specific finding without

(5)

Such Word, to result in the more Severe Sentence of § 1326(b), or §1326(A). See Jones V. United States 526 U.S. 227 (1999).

Finally, to allow these jurisdictional defect to punish the defendant-petitioner more harshly would be a Miscarriage of justice.

Regardless of all of the evidence presented, the Petitioner's Sentence was imposed in Violation of the Constitution and laws of the United States protecting him. His due process rights were violated under the Fifth and Sixth Amendments and his right to effective assistance of Counsel was Violated.

## Conclusion

The Petitioner's Case, whether one believes is the result of ineffective assistance of Counsel or Not, Clearly is a Miscarriage of justice, in addition to any violation of a Constitutionally protected right. It is for this reason, and the totality of the Circumstances presented, that the Court should grant the relief requested by Vacating the Sentence and Conviction, reimposing the Conviction and Sentence of the Petitioner-Defendant to 2 years / or time Served. This is the most equitable result of the many injustices that have occurred in this case.

(6)

## CERTIFICATE OF SERVICE

I, undersigned hereby state a copy of the foregoing attached instrument titled Petitioner-Defendant's Response to the Governments Answer and Motion For Dismissal under 8(a) of the Rules Foll 28 U.S.C. § 2255, was mailed via U.S. Mail postage prepaid this 21st day of August Anno Domini 2002 To:

Clerk of Court
U.S. District Courthouse
Southern District of Texas
600 E. Harrison St
Brownsville Texas 78520
    and
Jeffery A. Babcock
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208

Ne Varietur;
By accommodation - under Necessity - by Next best Friend
(Johnson V. Avery 393 U.S. 483-498)

_Roberto Rodriguez Garza_
Roberto Rodriguez-Garza  #92786-079
Federal Correctional Institution (Medium)
P.O. Box 26040
Beaumont, Texas 77720

(7)